21-6594
Lin v. Garland

BIA
Douchy, IJ
A212 929 499

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-four.

**PRESENT:**

> REENA RAGGI,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
>> *Circuit Judges.*

_____

CHAOLIANG LIN,
> *Petitioner,*

v.                                                                 **21-6594**
                                                                   **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Acting Assistant Attorney General; John S. Hogan, Assistant Director; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Petitioner Chaoliang Lin, a native and citizen of the People's Republic of China, seeks review of an October 25, 2021 decision of the BIA affirming a December 6, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chaoliang Lin*, No. A212 929 499 (B.I.A. Oct. 25, 2021), *aff'g* No. A212 929 499 (Immig. Ct. N.Y. City Dec. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of

2

fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. We conclude that substantial evidence supports the adverse credibility determination.

The agency reasonably relied on Lin's inconsistencies and demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In the written statement accompanying his application for asylum, Lin emphasized the beating and detention his parents endured as a result of his preaching Christianity by telephone to friends and

relatives in China. But in his testimony before the IJ, when asked by his lawyer why he feared returning to China, Lin testified that Chinese police beat up and threatened a friend to whom he had been preaching. When asked if he knew anyone else who had a problem because of his preaching, Lin said no. He did not mention that his parents had also been beaten and detained on account of his preaching until prodded with questions about what his parents had told him. It was only during this series of questions that Lin disclosed that police had visited his parents and searched their home for evidence of his preaching—an assertion that was central to his alleged fear of future persecution. These omissions and inconsistencies support the agency's credibility determination.

Moreover, the agency's credibility determination was further reinforced by the IJ's assessment of Lin's demeanor. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) ("Demeanor is virtually always evaluated subjectively and intuitively, and an IJ therefore is accorded great deference on this score—no less deference than that accorded other fact-finders."). In this case, the IJ found that Lin's testimony appeared rehearsed and that his demeanor was "not persuasive." CAR at 36–37.

Lin's credibility was further undermined by the lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An

4

applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). His uncle's testimony contradicted his own on a foundational issue – whether he had preached Christianity from the United States by telephone or whether he had done so while physically in China. And the letters from his mother and friend were from interested parties who were not subject to cross examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an IJ "act[s] within her discretion in according . . . little weight" to letters from declarants who are "interested parties" and not available for cross examination); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

The multiple inconsistencies and lack of corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See*

5

*Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Because the adverse credibility determination is dispositive, we need not reach Lin's argument that he established a pattern or practice of persecution of Catholics in Fujian Province.[1] *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] Nor is Lin's pattern or practice argument properly before us as he did not exhaust it before the BIA, and he relies on evidence that was not presented to the agency. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."); *Lin Zhong v. U.S. Dep't Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (requiring petitioner to exhaust issues before the BIA), *abrogated in part on other grounds by Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1111–14 (2023) (holding that exhaustion under 8 U.S.C. § 1252(d)(1) is not jurisdictional).